March 10, 1939

Honorable Richard Spinn
County Attorney
Brenham, Texas

Dear Sir:

Opinion No. O-386

Re: In trustee elections for
County Junior College
Districts, created and exist-
ing under Section 17, Article
2815h, R. C. S., what are the
number and terms of the
trustees to be elected, who
calls the election and who
pays for the expense thereof?

On February 20, 1939, you submitted for the opinion of this
Department the following inquiries:

"Under Art. 2815h, Section 17, Washington County
by an election duly held on May 10, 1937, created a
Junior College District in accordance with the provisions
of said statute. The boundary of said Junior College
District being same of those of Washington County.

"At same time in accordance with Section 20 of said
Article 2815h an election of seven trustees was had, who
duly qualified. Since May, 1937, no election for trustees
has been held and at this time the following questions are
propounded and upon which an opinion will be appreciated:

"(a) How many trustees should be elected at an
election to be held on first Saturday in April?

"(b) Who calls said election, the Junior College
District Board or County Judge?

"(c) Who pays for expense of the Judges and other ex-
penses of said election?

Your letter refers to the district under consideration as "Junior College District." As we construe Article 2815h, as amended, Revised Civil Statutes, for a district created under said Article to be known as a Junior College District, it would be necessary that such district be created from an independent school district, or a city which has assumed control of its schools, both having certain property valuations and scholastic attendance. Section one through sixteen of Article 2815h, Revised Civil Statutes, as amended, governs the creation of such Junior College Districts and the regulation of their scholastic and fiscal affairs.

The other types of school district comprehended within said Article 2815h, Revised Civil Statutes, as amended, are Union Junior College Districts and County Junior College or Joint County Junior College Districts, and these two classifications of school districts are governed, as to their creation and maintenance, by Sections seventeen to twenty-two of Article 2815h, as amended, Revised Civil Statutes.

Since the school district involved here was created under Section 17, Article 2815h, as amended, Revised Civil Statutes, with its boundaries coterminous with that of Washington County, we would say that such district, in the strict interpretation of the governing statute, would be known and designated as a County Junior College District rather than a Junior College District, and consequently, could not, with reference to the election of district trustees, be regulated by Section 4 of Article 2815h, as amended, Revised Civil Statutes.

Section 20 of Article 2815h, as amended, Revised Civil Statutes, relates to the election of trustees and the government of such districts by trustees, and, insofar as pertinent to your questions, provides as follows:

"A Union Junior College, a County Junior College or a Joint County Junior College, shall be governed, administered and controlled by and under the direction of a Board of seven Junior College Trustees, elected at large from the Junior College District by the qualified voters of said district, with such terms of office as may be provided under the General Law for Trustees in Independent School Districts. Provided, however, that whenever an election is ordered for the creation of such district at the same election at which shall be determined the creation of such district, there shall also be submitted and voted

upon, the question of who shall be the Junior College
Trustees in the event such district is created. The
7 candidates for Junior College Trustees receiving the
highest number of votes at such election, shall be de-
clared the Trustees of such district, and they shall
hold office until the next election provided for above."

The original Board of County Junior College Trustees, hav-
ing been elected in accordance with the above statute, and the
question now being presented as to the election of their successors,
we are, by the underlined portion of said section, referred to the
general law governing the election of trustees for independent
school districts.

As you point out, Article 2756, Revised Civil Statutes,
is the statute which should govern, by reference, the answer to your
first question. This statute provides for the number, election,
terms, etc. of trustees of an independent school district in towns,
to succeed the first trustees, and reads, in part, as follows:

"Each of the seven trustees who were elected at such
incorporation election shall hold office until the next re-
gular trustee election to be held on the first Saturday
in April next succeeding and until their respective suc-
cessors have been duly elected and qualified, at which time
seven trustees shall be elected for said independent school
district, whose respective terms of office shall be deter-
mined in the following manner and by the following method;
Such trustees shall draw by lot, and those trustees drawing
the numbers 1, 2, 3 and 4 shall serve one year for the
term of office ending with the next regular trustee elec-
tion on the first Saturday in April of the following year
and until their respective successors have been duly elected
and qualified. And those trustees drawing the numbers 5,
6 and 7 shall serve for two years for the term of office
ending with the next regular trustee election on the first
Saturday in April of the second year following their elec-
tion.

"The said board of trustees of each of such independent
school districts incorporated under the provisions of this
Act shall have and exercise and are hereby vested with all
the rights, powers, privileges and duties conferred and
imposed upon the trustees and boards of trustees of inde-
pendent school districts by the general laws of this State."

Article 2777, Revised Civil Statutes, relates to such subsequent trustee elections for independent school districts in cities, and provides as follows:

"The seven candidates receiving the largest number of votes at the first election, and the three or four candidates receiving the largest number of votes at all subsequent elections, shall be entitled to serve as trustees hereunder. Those elected at the first election shall determine by lot the term for which they are to serve. The four members drawing numbers one, two, three and four shall serve for one year, and the three members drawing the numbers five, six and seven shall serve two years, or until the second of April thereafter, and until their successors are elected and qualified; and regularly thereafter on the first Saturday in April of each year, four trustees and three trustees, alternately, shall be elected for a term of two years, to succeed the trustees whose term shall at that time expire. The members of the board remaining after a vacancy shall fill the same for the unexpired term."

We are accordingly in agreement with you that the proper answer to your first question is found within the terms and provisions of the two articles next hereinabove quoted.

Article 2776, Revised Civil Statutes, furnishes the answer to your second question in its provision that elections for trustees of independent school districts shall be ordered by the board of trustees of such districts. The corresponding County Junior College Board of Trustees should call the election in the instant case rather than the County Judge.

Answering your third and last question, we say that under the analogy of Article 2748a, Revised Civil Statutes, as amended by the 44th Legislature, all expenses of printing and delivering ballots, together with other expenses incident to said election, shall be paid for out of funds of the County Junior College District, with the exception of fees to election judges. Under Article 2776, Revised Civil Statutes, it is provided that $1.00 shall be paid to election judges in trustee elections out of the general fund of the county.

You wish to be advised if the present Legislature has enacted into law any statute affecting Junior College Districts. Although a bill has been introduced to change the status

of two of our junior colleges into four year colleges, you will probably only be interested in Senate Bill No. 134 validating the Junior College District of Washington County and providing that same shall be called Blinn College by the trustees. This Act was signed by the Governor March 3rd. A copy of this bill was unavailable, but you may easily procure same from your Representative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat M. Neff, Jr.
Assistant

PMN:N

APPROVED

ATTORNEY GENERAL OF TEXAS

O.K.